## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD WASHINGTON, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 20-cv-00494-JED-FHM |
| | ) |
| WAL-MART STORE, INC., d/b/a | ) |
| WALMART #324 | ) |
|       Defendant. | ) |

### DEFENDANT WAL-MART'S ANSWER TO PLAINTIFF'S PETITION

COMES NOW, the Defendant, Wal-Mart Store, Inc., d/b/a Walmart #324 (proper party "Wal-Mart Stores East, L.P." hereinafter "Wal-Mart") and for its Answer to the Plaintiff's Petition states as follows:

1. Wal-Mart denies each and every material allegation contained therein, and demands strict proof thereof, except as set forth otherwise herein below.

2. Based on information currently available, the allegations in Paragraph 1 of the Plaintiff's Petition are admitted.

3. As to the allegations contained in Paragraph 2 of the Plaintiff's Petition, Wal-Mart would state that the correct party to this lawsuit is Wal-Mart Stores East, L.P. which is a Delaware Limited Partnership doing business in Creek County, Oklahoma.

4. In response to the allegations in Paragraph 3 of the Plaintiff's Petition, Wal-Mart would state that the Plaintiff alleges an incident occurred at the Wal-Mart store located in Creek County, Oklahoma. Wal-Mart specifically denies any remaining allegation(s) of negligence and/or wrongdoing and demands strict proof thereof by a preponderance of the evidence.

5. As to the allegations in Paragraph 4 of the Plaintiff's Petition, Wal-Mart would state that it

removed this action to the U.S. District Court for the Northern District of Oklahoma on the basis of diversity jurisdiction. Wal-Mart specifically denies the remaining allegations as worded and demands strict proof thereof by a preponderance of the evidence.

6. As to the allegations in Paragraph 5 of the Plaintiff's Petition, Wal-Mart would state that it removed this action to the U.S. District Court for the Northern District of Oklahoma on the basis of diversity jurisdiction. Wal-Mart specifically denies the remaining allegations as worded and demands strict proof thereof by a preponderance of the evidence.

7. In response to Paragraph 6 of the Plaintiff's Petition, Wal-Mart incorporates by reference the previously asserted and foregoing Answers and defenses as if fully set forth therein.

8. Wal-Mart would state it is without knowledge or information sufficient to form an opinion as to the truth of the matters asserted in Paragraph 7 of the Plaintiff's Petition and demands strict proof thereof by a preponderance of the evidence.

9. Wal-Mart specifically denies the allegations contained in Paragraph 8 and demands strict proof thereof by a preponderance of the evidence.

10. In response to Paragraph 9 of the Plaintiff's Petition, Wal-Mart incorporates by reference the previously asserted and foregoing Answers and defenses as if fully set forth therein.

11. In response to Paragraph 10 of the Plaintiff's Petition, Wal-Mart would state that the duties of an invitor are more fully set forth in the body of Oklahoma law as opposed to Paragraph 10 of the Plaintiff's Petition, therefore, Defendant denies Plaintiff's allegations demanding strict proof thereof by a preponderance of the evidence.

12. Wal-Mart specifically denies the allegations contained in Paragraph 14 [sic] and demands strict proof thereof by a preponderance of the evidence. Wal-Mart would further state that the duties of an invitor are more fully set forth in the body of Oklahoma law as opposed to

Paragraph 14 of the Plaintiff's Petition.

13. Wal-Mart specifically denies the allegations contained in Paragraph 15 [sic] and demands strict proof thereof by a preponderance of the evidence. Wal-Mart would further state that the duties of an invitor are more fully set forth in the body of Oklahoma law as opposed to Paragraph 15 of the Plaintiff's Petition.

14. In response to Paragraph 16 [sic] of the Plaintiff's Petition, Wal-Mart admits only that Paragraph 16 of Plaintiff's Petition alleges that Plaintiff incurred damages in excess of the jurisdictional amount required for diversity jurisdiction as required by 28 U.S.C. § 1332, but specifically denies that Plaintiff is entitled to any damages. Wal-Mart further denies any remaining allegation(s) of negligence and/or wrongdoing.

15. In response to Paragraph 17 [sic] of the Plaintiff's Petition, Wal-Mart incorporates by reference the previously asserted and foregoing Answers and defenses as if fully set forth therein.

16. In response to Paragraph 18 [sic] of the Plaintiff's Petition, Wal-Mart would state that the duties of an invitor are more fully set forth in the body of Oklahoma law as opposed to Paragraph 18 of the Plaintiff's Petition, therefore, Defendant denies Plaintiff's allegations demanding strict proof thereof by a preponderance of the evidence.

17. Wal-Mart specifically denies the allegations contained in Paragraph 19 [sic] and demands strict proof thereof by a preponderance of the evidence.

18. In response to Paragraph 20 [sic] of the Plaintiff's Petition, Wal-Mart admits only that Paragraph 20 of Plaintiff's Petition alleges that Plaintiff incurred damages in excess of the jurisdictional amount required for diversity jurisdiction as required by 28 U.S.C. § 1332, but specifically denies that Plaintiff is entitled to any damages. Wal-Mart further denies

any remaining allegation(s) of negligence and/or wrongdoing.

19. Wal-Mart specifically denies the allegations in the "WHEREFORE" paragraph of the Plaintiff's Petition and demands strict proof thereof by a preponderance of the evidence.

## AFFIRMATIVE DEFENSES

By way of affirmative defense, Wal-Mart would allege and state as follows:

1. Wal-Mart generally and specifically denies all of the Plaintiff's claims of damages and demands strict proof as to all such claimed damages.

2. The Plaintiff's claims may be barred pursuant to the doctrine of contributory negligence.

3. The condition was open and obvious.

4. The Plaintiff's claim may be the result of non-party negligence.

5. Plaintiff is limited in recovery for any alleged damages, which damages are generally and specifically denied, to those expenses actually incurred.

6. The Plaintiff's recovery of medical bills is limited to the amount actually paid.

7. Plaintiff's claim for punitive damages is unconstitutional, without merit, and is not supported by the evidence.

Wal-Mart specifically reserves the right to amend this answer to include additional general or affirmative defenses upon the completion of discovery.

JURY TRIAL DEMANDED

Respectfully submitted,

s/Alexandra E. Pratt
Mark T. Steele, OBA # 14078
Alexandra E. Pratt, OBA # 32657
LATHAM, STEELE, LEHMAN, KEELE,
RATCLIFF, FREIJE & CARTER, P.C.
1515 East 71st Street, Suite 200
Tulsa, OK 74136
(918) 970-2000 Telephone
(918) 970-2002 Facsimile
msteele@law-lsl.com
apratt@law-lsl.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Charles L. Richardson
Colton L. Richardson
*Attorneys for Plaintiff*

s/Alexandra E. Pratt